# CHARLESTON.

## STATE *v.* BLUEFIELD DRUG CO.

### Submitted January 25, 1897—Decided March 20, 1897.

1. INTOXICATING LIQUORS—*Sales by Druggists—Prescription of Physician.*

   In any prosecution against a druggist for selling alcohol, spirituous liquors, or wine, if the sale be proven, it shall be presumed that the sale was unlawful, in the absence of satisfactory proof to the contrary; but this presumption may be

rebutted by the production of the written prescription of a practicing physician in good standing in his profession, and not of intemperate habits, complying with the.requirements of section 6 of chapter 32 of the Code. (p. 147.)

2. INTOXICATING LIQUORS—*Prescription of Physician.*

A case in which the prescription relied on by the defendant to rebut the presumption that such sale was unlawful is considered as complying with the requirement of the statute, and, under the circumstances of the case, constituting a defense to the indictment. (p. 148.)

Error to Circuit Court, Mercer county.

M. E. Browning and G. H. Wade were convicted of a violation of the liquor law, and bring error.

*Reversed.*

JOHNSON & HALE for plaintiff in error.

T. S RILEY, ATTORNEY GENERAL for the State.

ENGLISH, PRESIDENT:

At the May term, 1894, of the Circuit Court of Mercer county, an indictment was found against M. E. Browning and G. H. Wade, partners in trade, doing business under the firm name and style of the Bluefield Drug Company, charging them with the unlawful sale of spirituous liquors, which indictment was certified to the criminal court of said county for trial. The case was submitted to the court in lieu of a jury, the indictment having charged the plaintiffs in error as follows: That on the 12th day or May, 1894, they did sell, offer, and expose for sale, at retail, spirituous liquors, wine, porter, ale, beer, and drinks of a like nature; they, the said M. E. Browning and G. H. Wade, partners in trade, doing business under the firm name and style of the Bluefield Drug Company, not then and there having a state license therefor, against the peace and dignity of the state. The facts were agreed as follows: "That the defendants, *bona fide* and in good faith, sold to a Mr. Gibson, whose name is given in the following prescription: 'Prescription: Bluefield Drug Co., Bland Street, Bluefield, W. Va., May 9, 1894. Prescriptions accurately compounded day or night. For Mr. Gibson: R. *Spts. Fermenti ojj.* This spirits is absolutely neces-

sary as a medicine for the person named above, and is not to be used as a beverage. No. 10. Dickie, M. D.' Indorsed on back of prescription: 'This was gotten by me on this date. Taylor Gibson,'—the spirits referred to in said prescription, believing that it had the right to do so. That the Mr. Gibson referred to in said prescription is the same Gibson who got said spirits. That at the time and place of said sale the said defendants were regularly and legally licensed druggists, and at the time and place had in their employ, as a salesman, a registered pharmacist, in compliance with chapter 150 of the Code of West Virginia. That the Dickie whose name is signed to said prescription was at the time a practicing physician, in good standing in his profession, and not of intemperate habits. That said sale was made by the defendants under said prescription in Mercer county, W. Va., within one year next preceding the finding of the indictment in this case."

Now, the sole question presented for our consideration is whether, under said statement of facts, the court was warranted in rendering the judgment which it did against the defendant, from which this writ of error was obtained. Did the prescription, which was offered in evidence before the court, constitute a defense to the indictment? Section 6 of chapter 32 of the Code provides that "in any prosecution against a druggist for selling alcohol, spirituous liquors or wine without a license therefor, if the sale be proven it shall be presumed that the sale was unlawful in the absence of satisfactory proof to the contrary," and then proceeds to provide that "spirituous liquors, except for mechanical or scientific purposes, shall not be sold by any druggist, under the provisions of said chapter, except upon the written prescription of a practicing physician in good standing in his profession, and not of intemperate habits, specifying the name of the person and the kind and quantity of liquors to be furnished him, and stating that such liquors so prescribed are absolutely necessary as a medicine for such person, and are not to be used as a beverage; and the production of such prescription by the defendant at the trial of an indictment against him for the sale of the alcohol, spirituous liquors, or wine mentioned therein, shall be sufficient to rebut the presumption arising from the proof of such sale as hereinbefore provided for,

if the jury believe from all the evidence in the case that the sale was made in good faith, under the belief that such prescription and statement were true." Was the prescription which was presented by the defendant sufficient in form to rebut the presumption that the sale was unlawful? It is contended by the Attorney General that the name of the party for whom the spirituous liquors were prescribed was not sufficiently stated, the name "Mr. Gibson" only appearing on the face of the prescription; but then it is one of the agreed facts that the Mr. Gibson who is referred to in said prescription is the same Gibson who got said spirits at the time and place of said sale; and then the prescription is indorsed: "This was gotten by me on this date. [Signed.] Taylor Gibson." Here is an admission on the back of the prescription that Taylor Gibson got the spirits, and it is agreed that the Mr. Gibson referred to in said prescription was the same Gibson who got said spirits. This fixes the identity of the party to whom the prescription was given, and who made the purchase. What is the object of the statute in requiring the name of the person to whom the prescription is given to be specified? Manifestly in order that the sale be made by the druggist to the party to whom the prescription was given, and in order that no other person should obtain spirituous liquors upon that prescription. Here it s agreed that the Gibson named in the prescription got the spirits. Suppose the full name Taylor ·Gibson had been given in the prescription; there may have been a number of Taylor Gibsons in that neighorhood, and the prescription would have been very little more definite than it was with the name of Mr. Gibson; but when the agreement of facts comes in, and it is shown that Taylor Gibson, who got the spirits, is the Mr. Gibson mentioned in the prescription, the object and intent of the law is complied with; and, as I think, the prescription was sufficient so far as the name of the party for whom the spirits were prescribed is concerned.

It is next contended that the kind and quantity of liquors to be furnished was not sufficiently stated in the prescription. When we refer to the prescription, we find: "Prescription: Bluefield Drug Co., Bland Street, Bluefield, W. Va., May 9, 1894. * * * For Mr. Gibson: *R.*

*Spts. Fermenti ojj.* [which, translated, means two pints of
spirits *fermenti*]. This spirits is absolutely necessary as a
medicine for the person named above, and is not to be
used as a beverage. No. 10." Now, what is a prescrip-
tion? Webster defines it thus: "(Med.) A direction of a
remedy or of remedies for a disease, and the manner of
using them; a medical recipe; also a prescribed remedy."
In the prescription before us two pints of spirits are pre-
scribed for Mr. Gibson as absolutely necessary for him
as a medicine, and not to be used as a beverage. Thus,
the manner of using it is prescribed, and the amount is
prescribed. As we understand it, where a remedy is pre-
scribed by a physician for a patient, and addressed to a
druggist, when such prescription is presented to the drug-
gist he at once understands that the drug or medicine is to
be furnished to the party presenting the prescription, and
he proceeds to fill it. The physician does not draw an or-
der on the druggist requesting him to furnish the article,
but he prescribes it for the patient; and this mode of pre-
scribing for the patient is what is contemplated by the
statute when it provides that no sale of spirituous liquors
or wine shall be made by any druggist, under the provis-
ions of this chapter, except upon the written prescription
of a practicing physician, *etc.* In this case, we think, a
proper prescription was presented. It is agreed that the
druggist sold the spirits in good faith, believing that he
had a right to do so. It appears that Taylor Gibson pre-
sented the prescription, and got the spirits prescribed;
and it is agreed that he is the same Gibson mentioned in
the prescription; and it appears that the requirements of
the statute have been strictly followed in stating that the
spirits were absolutely necessary as a medicine for said
Gibson, and not to be used as a beverage; and, if a drug-
gist is allowed to sell at all to a person presenting the pre-
scription of a physician for spirituous liquors to be used as
a medicine, the facts shown in the case under considera-
tion are such as should shield the druggist from success-
ful prosecution. And, in my opinion, the judgment ren-
dered by the court was not warranted by the facts agreed.
The finding of the court should have been set aside; the
judgment should have been set aside, and a new trial
awarded; and the judge of the circuit court of Mercer

county erred in refusing the writ of error applied for on the 4th day of August, 1896, to said judgment. The judgment of the criminal court is reversed, the finding set aside, and a new trial awarded the defendants.

*Reversed.*